# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OWEN LINO,<br>CDCR #J-45685,<br><br>　　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>J. KELLERMAN, et al.;<br><br>　　　　　　　　　　　Defendants. | Civil No.　　10cv0449 BTM (JMA)<br><br>**ORDER:**<br><br>**(1) DENYING MOTION TO APPOINT COUNSEL WITHOUT PREJUDICE;**<br><br>**(2) GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR LAW LIBRARY ACCESS AND COPY OF COURT DOCKET; AND**<br><br>**(3) GRANTING MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**<br><br>**[Doc. Nos. 5, 7, 8]** |

　　　　On February 26, 2010, Owen Lino ("Plaintiff"), a state prisoner currently incarcerated at Calipatria State Prison, and proceeding pro se, submitted a civil action pursuant to 42 U.S.C. § 1983, along with a Motion to Proceed *In Forma Pauperis* ("IFP"). The Court granted Plaintiff's Motion to Proceed IFP but simultaneously dismissed his Complaint for failing to state a claim. *See* Apr. 21, 2010 Order at 4-5. Plaintiff filed his First Amended Complaint ("FAC") on May 24, 2010.

Subsequently, Plaintiff filed a "Motion for Leave to Amend/Supplement First Amended Complaint," Motion to Appoint Counsel, and a "Motion for Law Library Access and Copy of Court Docket." [Doc. Nos. 5, 7, 8].

I.

## MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff requests the appointment of counsel to assist him in prosecuting this civil action. The Constitution provides no right to appointment of counsel in a civil case, however, unless an indigent litigant may lose his physical liberty if he loses the litigation. *Lassiter v. Dept. of Social Services*, 452 U.S. 18, 25 (1981). Nonetheless, under 28 U.S.C. § 1915(e)(1), district courts are granted discretion to appoint counsel for indigent persons. This discretion may be exercised only under "exceptional circumstances." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). "A finding of exceptional circumstances requires an evaluation of both the 'likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.' Neither of these issues is dispositive and both must be viewed together before reaching a decision." *Id.* (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

The Court denies Plaintiff's request without prejudice, as neither the interests of justice nor exceptional circumstances warrant appointment of counsel at this time.

II.

## MOTION FOR LAW LIBRARY ACCESS AND COPY OF COURT DOCKET

In this Motion, Plaintiff seeks copies of all of his filings in this action and a separate civil action he filed in 2009. To the extent that Plaintiff seeks copies of all the documents he filed in *Lino v. Small*, S.D. Civil Case No. 09cv1834 MMA (PCL), he must bring that request in that action. However, the Court will direct the Clerk of Court to send Plaintiff a copy of his First Amended Complaint [Doc. No. 4], along with the Exhibits attached to his First Amended Complaint filed in this matter. Plaintiff's request for additional law library access is DENIED without prejudice. The Court will, however, grant Plaintiff additional time to respond to the Court's Order allowing him to file a Second Amended Complaint set forth below.

III.

**MOTION TO AMEND AND SUPPLEMENT PLEADINGS OF FIRST AMENDED COMPLAINT**

In this Motion, Plaintiff seeks to make extensive additions and substitutions to his First Amended Complaint. When the Court dismissed Plaintiff's original Complaint, he was admonished that Plaintiff's Amended Complaint must be complete in itself. *See* S.D. Cal. Civ. L. R. 15.1. Therefore, rather than file Plaintiff's supplemental pleadings, the Court will permit Plaintiff leave to file a Second Amended Complaint. He must submit an Amended Complaint that is complete in and of itself, including allegations against all named Defendants and attaching all relevant Exhibits. Plaintiff is also reminded that his Second Amended Complaint must comply with the Court's April 21, 2010 Order that identified deficiencies in his original Complaint.

IV.

**CONCLUSION AND ORDER**

Good cause appearing, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion to Appoint Counsel [Doc. No. 5] is **DENIED** without prejudice.

2. Plaintiff's Motion for Law Library Access and Copy of Court Docket is **DENIED** in part, and **GRANTED**, in part [Doc. No. 8]. The Clerk of Court is directed to mail a copy of the Court's April 21, 2010 Order, a copy of Plaintiff's First Amended Complaint and all exhibits attached [Doc. No. 4], and a blank § 1983 form complaint to Plaintiff.

3. Plaintiff's Motion to Amend [Doc. No. 8] is **GRANTED**. Plaintiff has sixty (60) days leave from the date this Order is "Filed" in which to file a Second Amended Complaint. Plaintiff's Amended Complaint must be complete in itself without reference to the superseded pleading. *See* S.D. Cal. Civ. L. R. 15.1. Defendants not named and all claims not re-alleged in the Amended Complaint will be deemed to have been waived. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

**IT IS SO ORDERED.**
DATED: July 12, 2010

Honorable Barry Ted Moskowitz
United States District Judge