# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OWEN LINO,<br>CDCR #J-45685,<br><br>                               Plaintiff,<br><br>vs.<br><br><br>J. KELLERMAN, et al.;<br><br><br>                               Defendants. | Civil No.    10cv0449 MMA (PCL)<br><br>**ORDER:**<br><br>**(1) DENYING MOTION FOR RECONSIDERATION AND MOTION TO ALTER REARRANGE AND RECONSIDER THE COURT'S ORDER [ECF Nos. 54, 67];**<br><br>**(2) DENYING MOTIONS TO APPOINT COUNSEL; AND**<br><br>**(3)  DISMISSING FIFTH AMENDED COMPLAINT AS FRIVOLOUS PURSUANT TO  28 U.S.C. §§ 1915(e)(2) AND 1915A(b)** |

## I.    Procedural History

On February 26, 2010, Owen Lino ("Plaintiff"), a state prisoner currently incarcerated at Kern Valley State Prison, and proceeding pro se, submitted a civil action pursuant to 42

U.S.C. § 1983. Additionally, Plaintiff filed a Motion to Proceed *In Forma Pauperis* ("IFP") [ECF No. 2]. On April 21, 2010, the Court granted Plaintiff's Motion to Proceed IFP but sua sponte dismissed his Complaint for failing to state a claim upon which relief could be granted. *See* Apr. 21, 2010 Order at 4-5. Plaintiff then filed his First Amended Complaint, along with several miscellaneous motions including a Motion for Leave to Supplement his First Amended Complaint. The Court granted his request and permitted him sixty (60) days to file a Second Amended Complaint. *See* July 12, 2010 Order at 3. Plaintiff filed a Second Amended Complaint but then sought leave to file a Third Amended Complaint before the Court could conduct a sua sponte screening. Plaintiff was granted leave to file a Third Amended Complaint. Plaintiff's Third Amended Complaint was filed on December 8, 2010. The Court conducted a sua sponte screening of Plaintiff's Third Amended Complaint and found dismissal of the entire action was warranted for a number of reasons, including the failure of Plaintiff to comply with Rule 8 of the Federal Rules of Civil Procedure. *See* May 20, 2011 Order at 2. Plaintiff was granted leave to file a Fourth Amended Complaint. Plaintiff filed his Fourth Amended Complaint ("FAC") on August 23, 2011. In addition, Plaintiff filed a Motion for Preliminary Injunction [ECF No. 44], along with his third "Motion to Amend the Pleadings" [ECF No. 46].

On November 1, 2011, the Court, once again, conducted a sua sponte screening of Plaintiff's Fourth Amended Complaint. The Court denied Plaintiff's Motion for Preliminary Injunction, granted Plaintiff's Motion to Amend the Pleadings and dismissed his Fourth Amended Complaint for failing to state a claim and as frivolous. *See* Nov. 1, 2011 Order at 11. Plaintiff was granted leave to file a Fifth Amended Complaint. *Id.* Plaintiff has now filed a Fifth Amended Complaint, along with a Motion for Reconsideration and a "Motion for Permission to File This Motion to Alter, Rearrange & Reconsider the Court's Order/Judgment." Plaintiff has also filed a Motion to Appoint Counsel.

Plaintiff's Fifth Amended Complaint now names seventy three (73) Defendants and exceeds the pages limitations previously set by the Court. However, the Court will consider Plaintiff's Fifth Amended Complaint in its entirety.

/ / /

K:\COMMON\Chmb_Anello\ODD # CIVIL CASES\PRISONER 1983\LINO, OWEN\10cv0449-Dismiss 5th Amnd Complaint.wpd, 22812    2                                    10cv0449 MMA (PCL)

## II. Motions for Appointment of Counsel

Plaintiff requests the appointment of counsel to assist him in prosecuting this civil action. The Constitution provides no right to appointment of counsel in a civil case, however, unless an indigent litigant may lose his physical liberty if he loses the litigation. *Lassiter v. Dept. of Social Services*, 452 U.S. 18, 25 (1981). Nonetheless, under 28 U.S.C. § 1915(e)(1), district courts are granted discretion to appoint counsel for indigent persons. This discretion may be exercised only under "exceptional circumstances." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). "A finding of exceptional circumstances requires an evaluation of both the 'likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.' Neither of these issues is dispositive and both must be viewed together before reaching a decision." *Id.* (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

The Court denies Plaintiff's request without prejudice, as neither the interests of justice nor exceptional circumstances warrant appointment of counsel at this time. *LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987); *Terrell*, 935 F.2d at 1017.

## III. Motions for Reconsideration and Motion pursuant to Rule 60(b)

Plaintiff seeks reconsideration and relief from the Court's Order rejecting Plaintiff's Motion to Amend his Fifth Amended Complaint. *See* Dec. 12, 2011 Order at 1. In addition, Plaintiff seeks reconsideration of the Court's November 1, 2011 Order dismissing his Fourth Amended Complaint and granting him leave to file a Fifth Amended Complaint. [ECF Nos. 54, 67].

Under Rule 60, a motion for "relief from a final judgment, order or proceeding" may be filed within a "reasonable time," but usually must be filed "no more than a year after the entry of the judgment or order or the date of the proceeding." FED.R.CIV.P. 60(c). Reconsideration under Rule 60 may be granted in the case of: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence; or (3) fraud; or if (4) the judgment is void; (5) the judgment has been satisfied; or (6) for any other reason justifying relief. FED.R.CIV. P. 60(b).

/ / /

As to the first request, the Court rejected Plaintiff's Motion to Amend his Fifth Amended Complaint due to the fact that he filed that motion *with* his Fifth Amended Complaint. If Plaintiff wanted to add additional facts or evidence with his Fifth Amended Complaint, he should have done so at the time he filed it. Second, Plaintiff objects to every finding by the Court with respect to his Fourth Amended Complaint but he merely reiterates his previous allegations which the Court has already found deficient.

A motion for reconsideration cannot be granted merely because Plaintiff is unhappy with the judgment, frustrated by the Court's application of the facts to binding precedent or because he disagrees with the ultimate decision. *See* 11 Charles Alan Wright & Arthur R. Miller *Federal Practice & Procedure* 2d § 2858 (Supp. 2007) (citing *Edwards v. Velvac, Inc.*, 19 F.R.D. 504, 507 (D. Wis. 1956)). Thus, without more, the Court finds Plaintiff has failed to show that the Court rendered a "manifestly unjust decision," and has further failed to identify any intervening changes in controlling law which justify reconsideration of the Court's Order. *McDowell*, 197 F.3d at 1255; *School Dist. No. 1J*, 5 F.3d at 1263. Plaintiff's Motion for Reconsideration and "Motion for Permission to File this Motion to Alter, Rearrange and Reconsider the Court's Order/Judgment" [ECF Nos. 54, 65] are DENIED.

**IV.     Sua Sponte Screening per 28 U.S.C. §§ 1915(e)(2)(b)(ii) and 1915A(b)(1)**

As the Court stated in its previous Orders, notwithstanding IFP status or the payment of any partial filing fees, the Court must subject each civil action commenced pursuant to 28 U.S.C. § 1915(a) to mandatory screening and order the sua sponte dismissal of any case it finds "frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

Section 1983 imposes two essential proof requirements upon a claimant: (1) that a person acting under color of state law committed the conduct at issue, and (2) that the conduct deprived the claimant of some right, privilege, or immunity protected by the Constitution or laws of the United States. *See* 42 U.S.C. § 1983.

/ / /

/ / /

### A.     Rule 8

The Court has repeatedly warned Plaintiff that he must comply with Rule 8. Specifically, Rule 8 provides that in order to state a claim for relief in a pleading it must contain "a short and plain statement of the grounds for the court's jurisdiction" and "a short and plain statement of the claim showing that the pleader is entitled to relief." FED.R.CIV.P. 8(a)(1) & (2). Plaintiff's Fifth Amended Complaint is rambling, names seventy three (73) Defendants and imposes an "unfair burden on litigants and judges." *McHenry v. Renne*, 84 F.3d 1172, 1180 (9th Cir. 1996).

### B.     Plaintiff's Due Process claims

Plaintiff alleges that his due process rights were violated during his disciplinary hearing following his receipt of a rules violation report for having possession of an inmate manufactured weapon in November of 2008. (*See* FAC at 20-21.) Plaintiff was sentenced to Administrative Segregation ("Ad-Seg") as a result of the disciplinary hearing. (*Id.*) However, the Court dismisses these claims as duplicative, and therefore frivolous, as Plaintiff has already litigated these claims in the California Court of Appeal. A court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." *United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992).

Plaintiff brought a petition for writ of habeas corpus in the California Court of Appeals, Fourth Appellate District, Division 1, arguing that Defendants violated his Fourteenth Amendment due process rights based on the same set of facts set forth in his Fifth Amended Complaint. *See In re Owen Lino*, No. D060395 (Ca. App. Ct., 4th Dist., Div. 1, Sept. 29, 2011). Specifically, the Court of Appeals found, based on the same set of facts, that Plaintiff "has not established a due process violation." (*Id.*)

Because the issue of whether Plaintiff's due process rights were violated based on the same set of facts at issue in this case have already been decided by the California Court of Appeal, these claims must be dismissed as duplicative. A prisoner's complaint is considered frivolous under 28 U.S.C. § 1915A(b)(1) if it "merely repeats pending or previously litigated claims." *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (construing former 28

U.S.C. § 1915(d)) (citations and internal quotations omitted).  Thus, the Court hereby **DISMISSES** Plaintiff's due process claims that arise from his disciplinary hearings as frivolous. *See Cato*, 70 F.3d at 1105 n.2; *Resnick*, 213 F.3d at 446 n.1.

### C. Religious claims

Additionally, Plaintiff, once again, claims that his right to exercise his religion were violated by Defendants failure to provide him with a religious diet.  However, these claims are also identical to the claims that Plaintiff has already raised in *Lino v. Small, et al.*, S.D. Cal. Civil Case No. 09cv1834 MMA (PCL) (Orig. Compl. at 4-5.).  Because Plaintiff has already litigated the same claims presented in the instant action in *Lino v. Small, et al.*, S.D. Cal. Civil Case No. 09cv1834 MMA (PCL), the Court hereby **DISMISSES** Plaintiff's religious claims from this action.  *See Cato*, 70 F.3d at 1105 n.2.

### D. Plaintiff's remaining claims

The remaining of the claims brought by Plaintiff in his Fifth Amendment complaint either arose *after* he initially filed this action on February 26, 2010 or he did not adequately exhaust his administrative remedies prior to bringing this action on February 26, 2010.  A review of the two hundred and eighty six (286) pages of exhibits attached to his Fifth Amended Complaint demonstrate that Plaintiff did not adequately complete exhaustion of these claims prior to bringing this action.

The PLRA amended 42 U.S.C. § 1997e(a) to provide that "[n]o action shall be brought with respect to prison conditions under section 1983 . . . by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).  "Once within the discretion of the district court, exhaustion in cases covered by § 1997e(a) is now mandatory." *Porter v. Nussle*, 534 U.S. 516 (2002).  "The 'available' 'remed[y]' must be 'exhausted' before a complaint under § 1983 may be entertained," *Booth v. Churner*, 532 U.S. 731, 738 (2001), and "regardless of the relief offered through administrative procedures." *Id.* at 741.  Moreover, the Supreme Court held in *Woodford v. Ngo*, 548 U.S. 81, 83-84 (2006) that "[p]roper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can

function effectively without imposing some orderly structure on the court of its proceedings." *Id.* at 90. The Court further held that "[proper exhaustion] means ... a prisoner must complete the administrative review process in accordance with the applicable procedural rules . . . as a precondition to bring suit in federal court." *Id.*

The plain language of 42 U.S.C. § 1997e(a) provides that no § 1983 action "shall be *brought* . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a) (emphasis added). The Ninth Circuit's decision in *McKinney v. Carey*, 311 F.3d 1198 (9th Cir. 2002) holds that prisoners who are incarcerated at the time they file a civil action which challenges the conditions of their confinement are required to exhaust "all administrative remedies as are available" as a mandatory precondition to suit. *See McKinney*, 311 F.3d at 1198; *see also Perez v. Wis. Dep't of Corrections*, 182 F.3d 532, 534-35 (7th Cir. 1999) ("Congress could have written a statute making exhaustion a precondition to judgment, but it did not. The actual statute makes exhaustion a precondition to *suit*.") (emphasis original). Section 1997e(a) "clearly contemplates exhaustion *prior* to the commencement of the action as an indispensable requirement. Exhaustion subsequent to the filing of the suit will not suffice." *McKinney*, 311 F.3d at 1198 (quoting *Medina-Claudio v. Rodriquez-Mateo*, 292 F.3d 31, 36 (1st Cir. 2002)).

Accordingly, because all the remaining claims in Plaintiff's Fifth Amended Complaint were not exhausted prior to bringing this action, those claims are dismissed pursuant to 42 U.S.C. § 1997e.

## V.     Motion for Record on Appeal and Motion Requesting Stay of Appeal

Plaintiff seeks from this Court "all disposition, exhibits, transcripts and accurate records of the Clerk" [ECF No. 65] in support of the Notice of Appeal Plaintiff filed on November 30, 2011. Plaintiff has since sought a "Motion Requesting the Court's Permission to Stay Appeal" [ECF No. 70]. Both Motions are **DENIED** as moot in light of the Ninth Circuit Court of Appeal finding Plaintiff's appeal frivolous and dismissing the appeal for failure to respond the Ninth Circuit's Order filed with this Court on February 15, 2012.

/ / /

/ / /

## VI. Conclusion and Order

Good cause appearing, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion for Reconsideration and Motion for Permission to Alter, Arrange & Reconsider the Court's Order [ECF Nos. 54, 67] are **DENIED**.

2. Plaintiff's Motions for Appointment of Counsel [ECF Nos. 61, 73] are **DENIED**.

3. Plaintiff's Motion for the Court's Record and Motion to Stay Appeal [ECF Nos. 65, 70] are **DENIED** as moot.

**IT IS FURTHER ORDERED that:**

4. Plaintiff's Fifth Amended Complaint [ECF No. 60] is **DISMISSED** without prejudice as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(b) and § 1915A(b) and for failing to exhaust his administrative remedies pursuant to 42 U.S.C. § 1997e. In addition, the Court finds further amendment would be futile. *See Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 339 (9th Cir. 1996) (denial of a leave to amend is not an abuse of discretion where further amendment would be futile); *see also Robinson v. California Bd. of Prison Terms*, 997 F. Supp. 1303, 1308 (C.D. Cal. 1998) ("Since plaintiff has not, and cannot, state a claim containing an arguable basis in law, this action should be dismissed without leave to amend; any amendment would be futile.") (citing *Newland v. Dalton*, 81 F.3d 904, 907 (9th Cir. 1996)).

5. **IT IS FURTHER CERTIFIED** that an IFP appeal from this final order of dismissal would not appear to be taken "in good faith" pursuant to 28 U.S.C. § 1915(a)(3). *See Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Gardner v. Pogue*, 558 F.2d 548, 550 (9th Cir. 1977) (indigent appellant is permitted to proceed IFP on appeal only if appeal would not be frivolous).

The Clerk shall close the file.

**IT IS SO ORDERED.**

DATED: February 28, 2012

*/s/ Michael M. Anello*

Hon. Michael M. Anello
United States District Judge